

A TRADITION OF LEGAL EXCELLENCE SINCE 1938

Connell Foley LLP
888 Seventh Avenue
9th Floor
New York, NY 10106
P 212.307.3700   F 212.262.0050

Michael J. Crowley
Partner
MCROWLEY@CONNELLFOLEY.COM

May 30, 2019

**VIA ECF**
The Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza, East, Rm. N208
Brooklyn, New York 11201

  Re: ***Anita Fitzgibbon v. Target Corporation d/b/a Target Stores***
     **Docket No.: 1:18-cv-03268 (ARR)(RER)**
     <u>**CF File No.: 12158/123607**</u>

Dear Judge Reyes:

  We are the attorneys for Defendant Target Corporation ("Target") in the above-referenced matter. We provided the Court with a Joint Status Report on May 15, 2019 (Document No. 15). Pursuant to the Court's latest Order, we provided Your Honor with the dates of the rescheduled Independent Medical Examination and the deposition of Target's witness. The deposition of Target's witness was scheduled for May 28, 2019 at 10:00 a.m. However, Plaintiff's counsel failed to appear on that date. We are therefore requesting that Your Honor issue an Order stating that Plaintiff has waived her right to depose Target and require Plaintiff to pay reasonable expenses, including attorney's fees, caused by Plaintiff's counsel's failure.

  On May 14, 2019, we received an email from Plaintiff's counsel requesting that we confirm Target's witness' availability for a deposition on May 28, 2019 at 10:00 a.m. at Diamond Court Reporting ("Diamond") in Brooklyn, New York. We replied shortly afterwards, confirming our witness' availability and requested that Plaintiff's counsel review the Joint Status Report, which included the date scheduled for Target's deposition, that was to be filed with the Court.

  On May 28, 2019, Target's counsel and the witness, Melody Pena, were at Diamond and ready to proceed with the deposition at 10:00 a.m. After waiting for some time, our office telephoned Plaintiff's counsel at his office to inquire as to his whereabouts. He answered the phone and informed us that he was having another attorney cover the deposition, that he would try to locate the covering attorney, and that

he would provide us with an update. Shortly after speaking with Plaintiff's counsel on the phone, we were informed by Diamond that they had no record that a deposition in this matter was ever scheduled with them. Plaintiff's counsel did not schedule the deposition and had not ordered a court reporter from Diamond. Counsel for Target inquired as to whether there was a court reporter available to cover the deposition, should Plaintiff's counsel appear, but was told that there were no court reporters available. Diamond advised that they could makes calls to see if any reporters were available, but they could not guarantee any would in fact be available or confirm when the reporter would be able to arrive at Diamond for the deposition.

Upon learning this information, we immediately phoned Plaintiff's counsel, who was allegedly en route to Diamond. We left counsel a voicemail advising that the deposition was never scheduled with Diamond and that there was no court reporter available. We also sent a follow-up email to Plaintiff's counsel with this information. After learning that no court reporter was available and having waited at Diamond until approximately 10:40 a.m., Target's counsel let the witness leave to go to work as the deposition could not proceed forward. At no point in time did the attorney that was supposedly covering the deposition for Plaintiff's attorney of record show up at Diamond during the morning of May 28th. Plaintiff's counsel called our office when he eventually arrived at Diamond at 11:36 a.m. and we once again explained that the deposition had never been ordered, a court reporter was not available, and that we would be writing to the Court accordingly.

It is Plaintiff's obligation to move her case forward to trial. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if a party fails to cooperate in discovery, sanctions may be issued. In this matter, Plaintiff has been given every consideration possible yet delays persist despite repeated warnings that continued failures to abide by the Court's Orders will result in a recommendation of dismissal. Plaintiff's delays have also caused Target to incur substantial legal fees, particularly as a result of preparing for depositions that fail to proceed as scheduled and being forced to make repeated applications to this Court to address such issues. In addition, Plaintiff's counsel provided no explanation as to his failure to appear. It is Target's position that Plaintiff's counsel's behavior has impeded discovery and warrants Rule 37 sanctions.

The rescheduled Independent Medical Examination remains set for June 19, 2019 at 9:00 a.m.

We thank the Court for its assistance in this matter and will await further instruction from Your Honor as to how to proceed.

Respectfully,

Michael J. Crowley

**CC (VIA ECF):**

    **Frederic S. Masure, Esq.**
    Law Offices of Frederic Masure
    *Attorneys for Plaintiff*
    **ANITA FITZGIBBON**
    1932 Ralph Avenue
    Brooklyn, New York 11234