# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

No. 18-CV-3268 (ARR) (RER)

———————————————

ANITA FITZGIBBON,

Plaintiff,

VERSUS

TARGET CORPORATION,

Defendant.

———————————————————

**REPORT AND RECOMMENDATION**
August 21, 2019

———————————————————

**To the Honorable Allyne R. Ross,**
**Senior United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Anita Fitzgibbon ("Plaintiff") commenced this action in Supreme Court, Kings County, against Target Corporation ("Target" or "Defendant") alleging negligence (Dkt. No. 1-1 ("Compl.")). Target promptly removed the action to this Court. (Dkt. No. 1). Throughout the discovery process, Plaintiff has habitually failed to cooperate with Defendant, in violation of the Federal Rules of Civil Procedure as well as specific Court Orders. Defendant now moves to have the action dismissed, with prejudice, as a sanction for Plaintiff's failure to prosecute and failure to follow numerous Court Orders. (Dkt. No. 19); Fed. R. Civ. P. 37(b), 41(b). Your Honor referred this motion to me for a Report and Recommendation. (Order dated 7/26/2019). For the reasons set forth herein, I respectfully recommend that Defendant's motion be GRANTED.

## I.    Procedural Background

A detailed recapitulation of discovery to date will reveal why strong sanctions, including dismissal of the action, are warranted. *See Diapulse Corp. of Am. v. Curtis Pub. Co.*, 374 F.2d 442, 447 (2d Cir. 1967) (district court may consider "the full record of the case" in assessing propriety of dispositive sanctions). Discovery in this action was originally due on February 18, 2019. (Minute Entry dated 7/17/2018). On February 11, 2019, Defendant moved for an extension of time to complete discovery, citing Plaintiff's repeated adjournments of scheduled depositions due to unspecified "health reasons." (Dkt. No. 9). After holding a telephone conference to address the

1

parties' concerns, the undersigned granted the extension and directed the Parties to file a status report by March 1, 2019, indicating how much additional time they would require to complete the deposition and medical examination of Plaintiff. (Minute Entry dated 2/14/2019).

On March 1, Defendant informed the Court by letter that the Plaintiff had not supplied her attorney with possible dates for the medical examination, and Defendant therefore "ha[d] no information to determine how or when [it could] move the matter along to complete necessary discovery. (Dkt. No. 11 at 1). Defendant closed the letter by stating its intent to file with Your Honor a motion to dismiss pursuant to Federal Rules of Civil Procedure 41(b) and 37(d). (*Id.* at 2). Upon receipt of this letter, I scheduled an in-person status conference, which I ordered Plaintiff to attend. (Order dated 3/7/2019). The conference was set for March 19, 2019. (*Id.*). The day of the conference, Plaintiff's counsel wrote to the Court to request an adjournment, explaining that Plaintiff had contacted him at the eleventh hour to say she could not attend "because she ha[d] a separate unrelated issue with her foot that prevent[ed] her from walking for a period of 2 weeks." (Dkt. No. 12). With this information, I adjourned the conference and issued the following Order:

> Plaintiff is hereby ordered to sit for a deposition between April 1 and April 12, 2019, and to undergo an independent medical examination to be conducted between April 15 and May 3, 2019, provided those date ranges are acceptable to Defendant. Plaintiff's failure to sit for her deposition and/or to undergo an independent medical examination will result in the immediate issuance of a report recommending that the case be dismissed for failure to prosecute and failure to follow a court order. Ordered by Magistrate Judge Ramon E. Reyes, Jr., on 3/19/2019.

(Orders dated 3/19/2019).

On May 1, 2019, Defendant's counsel reported that, despite "some 'hiccups,'" Defendant had successfully deposed Plaintiff on April 11, within the prescribed time frame. (Dkt. No. 13 at 1). The independent medical examination ("IME") had proved more problematic, however. The IME was scheduled for May 1, but Plaintiff's counsel notified Defendant the day before that Plaintiff would not appear. (*Id.*). At this point, Defendant sought from the undersigned a recommendation that Your Honor dismiss the case for Plaintiff's failure to prosecute and failure to follow a court order, as well as permission to file a formal motion to dismiss pursuant to Rules 37(b) and 41(b). (*Id.* at 2).

In response, Plaintiff's counsel submitted a letter explaining that Plaintiff, who is an older adult and has "difficulties traveling," had informed him the day before the IME that she could not attend because she "was not feeling well." (Dkt. No. 14 at 1). Plaintiff's counsel promptly conveyed this information to Defendant, along with a request from his client that the IME be adjourned for two weeks and moved to a location closer to her home. (*Id.*). Plaintiff's counsel reported that his adversary immediately denied this request. (*Id.*). Plaintiff also made note of Defendant's own delay in scheduling a deposition of its witness. (*Id.*).

On May 15, 2019, after another telephone conference and further admonishment that Plaintiff's failure to cooperate would result in a recommendation of dismissal (Minute Entry dated 5/8/2019), the parties jointly informed the Court that the outstanding deposition and IME had been scheduled for May 28, 2019, and June 19, 2019, respectively. (Dkt. No. 15 at 1). The status report also requested a telephone conference to discuss the remaining outstanding discovery, which I scheduled for June 25, 2019. (*Id.*; Order dated 5/15/2019). The outstanding paper discovery

included post-deposition demands for document production that had been served on Plaintiff's counsel and were due May 28, 2019. (Dkt. No. 15 at 1). As of July 12, 2019, there had been no response to these demands. (Dkt. No. 18).

On May 30, 2019, Defendant reported that Plaintiff's counsel had failed to appear[1] at the deposition of Target's witness. (Dkt. No. 16). Defendant requested sanctions under Federal Rule of Civil Procedure 37, including an award of reasonable expenses stemming from Plaintiff's counsel's omission and an order declaring that Plaintiff had waived her right to depose Defendant's witness. (*Id.* at 1). I denied this motion (despite the lack of opposition from Plaintiff) in anticipation of the June 25 telephone conference, which I expected to offer a clearer picture of the status of discovery. (Order dated 6/10/2019).

At the June 25 telephone conference, I learned that Plaintiff had failed to appear for the June 19 IME. (Minute Entry dated 6/25/2019). Accordingly, I ordered Plaintiff to pay the no-show fee for that IME by June 28, 2019, and required Plaintiff to reschedule the IME for a date prior to August 9, 2019. (*Id.*). I cautioned Plaintiff as follows: "There will be no excuse for failure to appear at the rescheduled IME absent a note signed, under oath, by a treating doctor. Plaintiff's unexcused failure to appear at the IME will result in this Court's issuing a sua sponte report and recommendation urging dismissal for failure to prosecute and failure to follow a court order." (*Id.*).

Plaintiff failed to remit the no-show fees by June 28, 2019, as ordered. (Dkt. No. 18). Plaintiff also failed to appear or to offer any excuse for her non-appearance at the rescheduled IME, which was set for July 22, 2019. (Dkt. No. 19). Accordingly, I entered an Order compelling Plaintiff to reimburse Defendant for no-show fees for *both* IMEs by August 2, 2019, and stating that failure to pay by that date might result in additional sanctions. (Order dated 7/29/2018).

In summary, Plaintiff has failed to attend three medical examinations and a conference, despite no fewer than four categorical warnings that her non-appearance could lead to sanctions up to and including dismissal. (*See* Scheduling Orders dated 3/7/2019 and 3/19/2019; Minute Entries dated 5/8/2019 and 6/25/2019). Plaintiff also failed to respond timely to document requests and to submit reimbursement for no-show fees when due, and Plaintiff's counsel failed to appear at the deposition of Defendant's witness. It is against this backdrop that Defendant appeals to this Court, once again, for a recommendation that this matter be dismissed with prejudice for Plaintiff's failure to prosecute and to comply with multiple Court Orders. (Dkt. No. 19 at 1). Plaintiff has entered no opposition to this motion.

## II.    Legal Standard

Defendant previously indicated its intent to move for dismissal pursuant to Federal Rules of Civil Procedure 41(b) and 37(b).[2] (Dkt. No. 11 at 2; Dkt. No. 13 at 2; Dkt. No. 16 at 2; Dkt. No. 21 at 1). Accordingly, I will treat the instant motion as one brought under those Rules.

---

[1] Defendant understood that the deposition had been scheduled for 10:00 A.M. at Diamond Court Reporting. Defendant's counsel and witness left at approximately 10:40, when it became apparent that no deposition had been scheduled with Diamond Court Reporting; Plaintiff's counsel did not arrive until 11:36 A.M. (Dkt. No. 16 at 1–2).

[2] Defendant had also declared its intent to move to dismiss pursuant to Rule 37(d) based on Plaintiff's failure to provide dates for her deposition. (Dkt. No. 11). Because Plaintiff has since submitted to a deposition and Defendant's most recent filings make no mention of Rule 37(d), this analysis focuses on Rule 37(b). (*See* Dkt. No.

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action on the defendant's motion where the plaintiff has "fail[ed] to prosecute or to comply with [the Federal] rules or a court order." Fed. R. Civ. P. 41(b). Similarly, Rule 37(b) authorizes sanctions for failure to comply with a court order. Where a party "fails to provide an order to provide or permit discovery," including an order to submit to a medical examination under Rule 35, "the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 27(b)(2)(A)(v). Because Rule 41 "appears in that part of the Rules concerned with trials and which lacks such specific references to discovery," Rule 37 is more apt at this juncture. *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958).

The Second Circuit has held that factors bearing on the propriety of sanctions under Rule 37 include: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Galindo v. Instalaciones de Tendidos Telefonicos, S.A.*, 508 F. App'x 76, 78 (2d Cir. 2013) (citing *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009)) (ellipsis in original). Because dismissal is a "drastic penalty," it is appropriate only in "extreme circumstances" where there is culpability on the part of the non-compliant party. *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal citations and quotation marks omitted).

### III.    Discussion

#### A.   Willfulness

The Court is sensitive to Ms. Fitzgibbon's advanced age and disabilities. (*See* Dkt. Nos. 12, 14). I took these into consideration in repeatedly affording Plaintiff additional time to meet her discovery obligations. Despite prior orders clearly indicating that lack of cooperation would not be tolerated, I extended deadlines and undertook to facilitate the scheduling of depositions and IMEs within a mutually agreeable time frame. (*See, e.g.*, Scheduling Order dated 3/19/2019; Minute Entry dated 5/8/2019). This solicitude was unavailing: again and again, Plaintiff failed to appear with little or no notice to her adversary.[3]

While I appreciate that health problems may be unpredictable, there is reason to believe that Plaintiff waited unnecessarily until the last minute to seek postponements and extensions. For instance, in his day-of motion to adjourn a conference before the undersigned, Plaintiff's counsel himself indicated that Plaintiff had only contacted him "late last night (despite [his] daily telephone messages)" to convey that a problem with her foot would "prevent[] her from walking for a period of two weeks." (Dkt. No. 12). I am skeptical that Plaintiff became aware of this impediment late at night and within twenty-four hours of the conference. My skepticism is heightened by Plaintiff's failure to provide any explanation or excuse for her non-appearance at the second and third IMEs, despite my explicit instruction that I would require her to produce a doctor's note, signed under oath, explaining any no-show for the IME scheduled for July 22, 2019. (Minute Entry dated

---

13). Because I recommend dismissal, I find it unnecessary to address whether Plaintiff's IME can be considered a deposition within the meaning of Rule 37(d).

[3] Plaintiff also failed to communicate with her attorney that she would not attend the July 22 IME, and often she has been unresponsive to Plaintiff's counsel's attempts to contact her. (*See* Dkt. Nos. 11–12, 14, 20).

6/25/2019). Without a credible showing that Plaintiff's non-appearance was justified, I cannot extend to her the benefit of the doubt.

I am forced to conclude, reluctantly, that Plaintiff's non-compliance is willful.

B. Efficacy of Lesser Sanctions

Plaintiff's failure to remit the no-show fees indicates that lesser sanctions are ineffectual, as does her failure to submit to an IME even after I ordered that the deposition of Defendant's witness be stayed. (Minute Entry dated 6/25/2019). The Rules proscribe treating failure to submit to an IME as contempt of court. Fed. R. Civ. P. 32(b)(2)(vii). Finally, I find that the other sanctions listed in Rule 37 would not amount to "lesser sanctions." Because Plaintiff bears the burden of proving her claims, and the IME is vital to determining whether Defendant's actions or omissions caused her injuries, I find that striking the pleadings, prohibiting Plaintiff from supporting her claim or introducing designated matters in evidence, or directing that certain facts be established in Defendant's favor would all be tantamount to dismissing the action. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, No. 86-CV-1738 (TCP), 1988 WL 95464, at *3 (E.D.N.Y. Sept. 6, 1988) (citing *Cine Forty-Second Street Theatre Corp. v. Allied Artists*, 602 F.2d 1062, 1067 (2d Cir. 1979)) (commenting that preclusion of evidence may be tantamount to dismissal), *aff'd*, 882 F.2d 682 (2d Cir. 1989); *SD Prot., Inc. v. Del Rio*, No. 06-CV-5571 (RRM) (RML), 2008 WL 5102249, at *6 (E.D.N.Y. Nov. 21, 2008) (same).

Accordingly, I am convinced that no lesser sanction will be effective here.

C. Duration of Period of Non-Compliance

The Second Circuit has held that non-compliance over a period of three months suffices to justify dismissal pursuant to Rule 37. *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009). Here, Plaintiff has demonstrated non-compliance all but unyieldingly since before February 11, 2019, the date Defendant first wrote to the Court to indicate that an extension would be necessary. (Dkt. No. 9). More than six months have elapsed since that time.

In this period, Plaintiff has only cooperated once, when she sat for her own deposition. The deposition was held on April 11, 2019, more than four months ago, and since that date there has been no further indication that Plaintiff intends to cooperate (or engage at all) in discovery. There is no reason to assume that Plaintiff's behavior will change with time. Moreover, the continual postponements of Plaintiff's IME have inured to the prejudice of Defendant, as changes in Plaintiff's condition may make it more difficult for Defendant to meet Plaintiff's allegations of causation. *Cf. Graf v. Long Island R. Co.*, No. 04-CV-4945 (NG) (RER), 2006 WL 2620525, at *3 (E.D.N.Y. Sept. 13, 2006) ("without the IME defendant cannot reasonably prepare for trial and counter plaintiff's claim that he was seriously injured, or at the very least assess the extent of plaintiff's injuries.").

Plaintiff's prolonged non-compliance has continually frustrated discovery, injuring Defendant's ability to defend this action. Indeed, we are now six months past the original discovery deadline, with no close of discovery in sight. Thus, I find that the duration of Plaintiff's non-compliance militates in favor of dismissal.

D. <u>Warning</u>

I first warned Plaintiff that her non-compliance might result in dispositive sanctions on March 7, 2019. I reiterated this warning, in no uncertain terms, at least three times, each following another instance of Plaintiff's non-compliance. (*See* Scheduling Order dated 3/19/2019; Minute Entries dated 5/8/2019 and 6/25/2019).

Thus, each factor supports dismissal of the action under Rule 37. I note that this case mirrors the circumstances in *Agiwal*, where the Second Circuit upheld the sanction of dismissal. There, the court found:

> [O]ver a span of approximately six months . . . plaintiff defied all of [the Judge's] orders, each of which warned of the possibility of sanctions, including dismissal. Even when the Magistrate Judge imposed a lesser sanction, [plaintiff] still failed to comply with any of defendant's discovery requests. Under these circumstances, [plaintiff's] alleged health problems . . . cannot excuse his repeated failures to comply with the Magistrate Judge's orders.

*Agiwal*, 555 F.3d at 303. The circumstances here are even more egregious: unlike Mr. Agiwal, Plaintiff is represented by counsel, making her failures all the more inexcusable. As the court did in *Agiwal*, so I find here that "Plaintiff's noncompliance, including [her] failure to appear at three scheduled [IMEs], amount[s] to 'sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action.'" *Id.* (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)) (ellipsis and final alteration in original); *see also Graf*, 2006 WL 2620525, at *3 (finding dismissal appropriate in light of the plaintiff's "willful disregard of the Court's order to attend the IME").

Consequently, I find that this is one of the extreme instances where dismissal is an appropriate sanction under Rule 37(b).

## CONCLUSION

For the reasons set forth herein, I respectfully recommend that this action be dismissed with prejudice. Defendant's counsel is hereby directed to serve copies of this Report and Recommendation upon Plaintiff by regular and certified mail and to file proof of service on CM/ECF. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

*Ramon E. Reyes Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge

Dated: August 21, 2019
Brooklyn, New York

6